Hardin, J.
The affidavits in this case for the purpose-' of obtaining the order of arrest are defective. They do not show any facts from which the court can judicially determine that the property, to recover the possession of which the action is brought, has been concealed, removed, or disposed of, so that it cannot be found by the sheriff, or with intent that it should not be so found or taken, or with intent to deprive the plaintiff thereof (Code, § 179, subd. 3).
The only proof of such intent is the “ belief” of the deputy sheriff.
Ho facts are stated from which the judge, who granted the order could conclude, that the intent existed which the statute requires.
Section 181 of the Code requires that it shall appear, by affidavit, that a cause of action exists, and that the case is one of those mentioned in section 179 of the Code.
The non-production of the evidence which the statute requires to authorize an arrest is fatal, and requires the court to set aside the order (Watson v. McGuire, 33 How. Pr., 87). Upon the defendant’s motion the order must be set aside, if he shall file with the clerk of this court a stipulation not to bring any action against the plaintiff or the sheriff by reason of the arrest.
When such stipulation shall be filed by the defendant, an order setting aside the order of arrest may be entered, and allowing the defendant ten dollars costs of motion.